UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 4:18-cr-00469 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 30] |
| vs. | : | |
| ROBERT LANG, | : | |
| Defendant. | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Robert Lang requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1] The Government opposes Lang's petition.[2]

For the reasons stated below, the Court **DENIES** Lang's motion for compassionate release.

## I.  Background

On October 1, 2018, Defendant Lang pleaded guilty to one count of maintaining a drug-involved premises and one count of possession with intent to distribute cocaine, heroin, fentanyl, and hydrocodone.[3] On January 16, 2019, this Court sentenced Lang to 57-months imprisonment followed by three years of supervised release.[4]

On June 22, 2020, Lang filed the instant motion for compassionate release.[5]

---

[1] Doc. 30. Lang filed his petition and a supplement, Doc. 32, pro se.
[2] Doc. 31.
[3] Doc. 18.
[4] Doc. 26.
[5] Doc. 30.

Case No. 4:18-cr-00469
Gwin, J.

## II.    Discussion

### A. Exhaustion

The Court may modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.[6]  Here, Lang does not allege that he has petitioned the warden of his facility for compassionate release.[7]  Lang says that the exhaustion requirement may be waived, but the Sixth Circuit has recently held that this is not the case.[8]  For this reason, the Court denies Lang's motion for compassionate release.

### B. Eligibility

Even if Lang had exhausted his administrative remedies, the Court find that Lang has failed to demonstrate eligibility for release.  To grant compassionate release, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[9]  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553.[10]  Under the compassionate release statute, the Court may "reduce the term of imprisonment and impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."[11]

Lang requests compassionate release because the prison where he is incarcerated

---

[6] 18 U.S.C. § 3582(c)(1)(A)(i).
[7] Lang attaches a denial of his request for home confinement, but home confinement and compassionate release are different forms of relief.  Doc. 30-2.
[8] *United States v. Alam*, 960 F.3d 831, 833-36 (6th Cir. 2020).
[9] 18 U.S.C. § 3582(c)(1)(A).
[10] *Id.*
[11] *Id.*

Case No. 4:18-cr-00469
Gwin, J.

has ceased all programming as part of its COVID-19-related measures.[12] He says that because of the lack of programming, he cannot earn the time off his sentence for completing certain programs.[13] He also says that COVID-19 cases are steadily rising at his prison.[14]

The Court finds that Lang's justifications are not an "extraordinary and compelling" reasons that warrant compassionate release. For this additional reason, the Court denies Lang's request.

III. Conclusion

For the foregoing reasons, the Court **DENIES** Lang's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).


IT IS SO ORDERED.

Dated: July 31, 2020           *s/        James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE

---

[12] Doc. 30 at 1.
[13] *Id.*
[14] Doc. 30-1 at 1.

-3-